# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | § § § | CASE NO: 22-10968 |
| JASON C. ADAMS, | § § | CHAPTER 7 |
| DEBTOR. | § § § | SECTION A |
| DAVID W ASBACH, | § § § | |
| PLAINTIFF, | § § § | |
| V. | § § | ADV. NO. 23-1003 |
| JASON C. ADAMS, | § § § | |
| DEFENDANT. | § § | |

## MEMORANDUM OPINION AND ORDER

The Office of the United States Trustee ("UST") initiated the above-captioned adversary proceeding on February 22, 2023. In the Complaint, the UST alleges that statements made in various documents filed in his bankruptcy case by the debtor, Jason C. Adams, that he has no income are belied by a review of personal and business bank statements and constitute a "false oath or account" made "knowingly and fraudulently" which would preclude Adams from receiving a discharge in his chapter 7 bankruptcy case under § 727(a)(4)(A) of the Bankruptcy Code. [Adv. No. 23-1003, ECF Doc. 1, ¶¶ 39–40]. This Court initially set the matter to be heard at trial on October 5, 2023. [Adv. No. 23-1003, ECF Doc. 7]. The UST filed a Motion for Summary Judgment, [Adv. No. 23-1003, ECF Doc. 10], which this Court denied, finding that a genuine issue of material fact existed as to the scienter element of § 727(a)(4)(A) of the Bankruptcy Code. [Adv. No. 23-1003, ECF Doc. 16]. The matter then proceeded to trial. [Adv. No. 23-1003, ECF Doc. 28].

This Court held a one-day trial on April 23, 2024, to decide the claims alleged in the UST's Complaint. After the close of evidence, the Court took the matter under advisement. [Adv. No. 23-1003, ECF Doc. 28]. For the reasons stated herein, this Court finds that Adams did not knowingly and fraudulently utter a "false oath" via omission as to his employment and income in documents filed in his bankruptcy case; therefore, the relief requested in the Complaint is **DENIED**.

## FINDINGS OF FACT[1]

1. On August 26, 2022, Adams, through counsel, filed a petition for bankruptcy relief under chapter 7 of the Bankruptcy Code, and identified his debts as "primarily business debts." [No. 22-10968, ECF Doc. 1].

2. On September 8 2022, counsel filed Official Form 106Sum, "Summary of Your Assets and Liabilities and Certain Statistical Information," into the record on Adams' behalf. *See* Hr'g Tr. Min. 10:08:36–11:08:24 (Apr 23, 2023); UST Ex. 3.

3. In Part 3 of Official Form 106Sum, Adams listed his "Income" as "$0.00." UST Ex. 3.

4. On September 8, 2022, Adams' counsel signed and filed his own affidavit attesting that Adams is unemployed and "has no pay stubs for the 6 months prior to filing bankruptcy." UST Ex. 2.

5. On September 8, 2022, Adams' counsel filed into the record Official Form 106I ("Schedule I") into the record on Adams' behalf. *See* UST Ex. 8.

---

[1] These findings of fact and conclusions of law constitute the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052 and 9014. To the extent that any of the following findings of fact are determined to be conclusions of law, they are adopted and shall be construed and deemed conclusions of law. To the extent any of the following conclusions of law are determined to be findings of fact, they are adopted and shall be construed and deemed as findings of fact.

6. For Questions 2 and 3 on Schedule I, Adams listed "monthly gross wages, salary, and commissions (before all payroll deductions)" as well as "monthly overtime pay" as "$0.00" for him and "N/A" for his non-filing spouse. UST Ex. 8.

7. Question 8 on Schedule I requires debtors to "[l]ist all other income regularly received." UST Ex. 8. Adams listed "$0.00" income from "rental property and from operating a business, profession, or farm"; "Interest and dividends"; "Family support payments that you, a non-filing spouse, or a dependent regularly receive"; "Unemployment compensation"; "Other government assistance that you regularly receive"; "Pension or retirement income"; and "Other monthly income." UST Ex. 8.

8. Question 11 on Schedule I requires debtors to "[s]tate all other regular contributions to the expenses that you list in Schedule J" and "[i]nclude contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives." UST Ex. 8. Adams listed "$0.00" as the answer to Question 11. *See* UST Ex. 8.

9. On September 8, 2022, Adams' counsel filed into the record Official Form 106Dec on behalf of Adams. *See* UST Ex. 3. Adams e-signed that form declaring that "[u]nder penalty of perjury . . . I have read the summary and schedules filed with this declaration and [declare] that they are true and correct." UST Ex. 3.

10. On September 29, 2022, Adams' counsel amended Official Form 107, "Statement of Financial Affairs for Individuals Filing for Bankruptcy," (the "SOFA") into the record on Adams' behalf. *See* UST Ex. 14. Adams e-signed another Official Form 106Dec attesting under penalty of perjury that the information contained in the SOFA is true and correct. *See* UST Ex. 14.

11. Question 4 on the SOFA asks, "Did you have any income from employment or from operating a business during this year or the two previous calendar years?" and instructs debtors to "[f]ill in the total amount of income you received from all jobs and all businesses, including part-time activities." UST Ex. 14. Adams listed "$0.00" as income on the SOFA. *See* UST Ex. 14.

12. Question 5 on the SOFA asks, "Did you receive any other income during this year or the two previous calendar years?" and instructs debtors to "[i]nclude income regardless of whether that income is taxable." Question 5 on the SOFA give examples of "other income": "alimony; child support; Social Security, unemployment, and other public benefit payments; pensions; rental income; interest; dividends; money collected from lawsuits; royalties; and gambling and lottery winnings." UST Ex. 14. Adams disclosed that he received $4,300 between January 1 and December 31, 2021 through the federal government's Covid stimulus initiative and $1,700 between January 1 and December 31, 2020 through the same federal program. *See* UST Ex. 14.

13. Prior to May 2016, Adams earned a living by owning and leasing commercial properties as well as managing medical practices and marketing for physicians. *See* Hr'g Tr. Min. 11:10:41–14:02. In May 2016, Adams caused a car accident while driving under the influence which resulted in the death of the passenger in the car. *See id*. Adams pled guilty to criminal charges, was convicted of a felony, and served nine months of incarceration between June 2018 and March 2019. *See id*. Adams was also sued civilly by the family of the passenger who perished in the May 2016 car accident. *See id*. Those plaintiffs filed an adversary proceeding in this Court seeking nondischargeability of the debt owed to them pursuant to §§ 523(a)(6) and (a)(9) of the Bankruptcy Code. *See Lirette v. Adams*, No. 22-1018 (Bankr. E.D. La. filed Nov. 17, 2022). This

Court granted an unopposed motion for summary judgment filed by the plaintiffs and entered a judgment deeming the debt owed to those plaintiffs nondischargeable pursuant to §§ 523(a)(6) and (a)(9) of the Bankruptcy Code. [Adv. No. 22-1018, ECF Docs. 31 & 32].

14. Adams testified that much of his scheduled general unsecured debt consists of deficiency balances after mortgage holders foreclosed on all of his commercial real estate assets from which he had previously derived rental income. *See* Hr'g Tr. Min. 10:08:36–11:08:24. He also owes debts for legal services. *See id*.

15. Since May 2016, Adams' parents provided loans or gifts to him totaling approximately $70,000 to $80,000. *See id*.

16. Since May 2016, Adams received a loan or gift from a family friend in the approximate amount of $50,000. *See id*.

17. Neither Adams nor his wife were employed during the six months prior to the bankruptcy filing. *See id*.

18. In the six months prior to filing for bankruptcy relief, Adams received approximately $12,000 in gifts or loans from his parents for living expenses, including $3,562 paid to Adams' attorney to represent him in his chapter 7 bankruptcy case. *See id.*

19. Adams testified that he did not schedule those amounts received from family or friends as income because he considered them to be loans and not regular payments on which he would pay taxes. *See id.*

20. The Court finds that Adams presented himself as a credible, earnest witness who attempted to answer questions to the best of his ability.

**DISCUSSION**

A court cannot grant the debtor a discharge if "the debtor knowingly and fraudulently, or in connection with the case–made a false oath or account." 11 U.S.C. § 727(a)(4)(A). "[T]he denial of a debtor's discharge is undoubtedly a harsh remedy." *First United Bank & Tr. Co. v. Buescher (In re Buescher)*, 491 B.R. 419, 431 (Bankr. E.D. Tex. 2013). Indeed, denial or revocation of an honest debtor's discharge is counter to the public policy to permit an honest debtor a fresh start. *See Kaler v. Olmstead (In re Olmstead)*, 220 B.R. 986, 993 (Bankr. D.N.D. 1998).

A denial of discharge is proper only upon a showing of "very specific and serious infractions on [the debtor's] part." *Ichinose v. Homer Nat'l Bank (In re Ichinose)*, 946 F.2d 1169, 1172 (5th Cir. 1991). Although "[a]n omission of an asset can constitute a false oath," *Cadle Co. v. Pratt (In re Pratt)*, 411 F.3d 561, 566 (5th Cir. 2005), "a discharge cannot be denied when items are omitted from the schedules by honest mistake," *Beaubouef v. Beaubouef (In re Beaubouef)*, 966 F.2d 174, 178 (5th Cir. 1992).

The party objecting to a debtor's discharge bears the burden of proof to show by a preponderance of the evidence a false oath occurred. *See* FED. R. BANKR. P. 4005. Here, the UST bears the burden of proving by a preponderance of the evidence that (1) Adams made a statement under oath; (2) the statement was false; (3) Adams knew the statement was false; (4) Adams made the statement with fraudulent intent; and (5) the statement related materially to the bankruptcy case. *See In re Beaubouef*, 996 F.2d at 178. "[F]raudulent intent may be proved by showing either actual intent to deceive or a reckless indifference for the truth." *Judgment Factors, L.L.C. v. Packer (In re Packer)*, 520 B.R. 520, 532 (Bankr. E.D. Tex. 2014) (citing *Sholdra v. Chilmark Fin., LLP (In re Sholdra)*, 249 F.3d 380, 382–83 (5th Cir. 2001); *Neary v. Hughes (In re Hughes)*, 353 B.R. 486, 504 (Bankr. N.D. Tex. 2006)).

Given the record before this Court, the Court finds that the UST has failed to meet its burden to show the requisite scienter under § 727(a)(4)(A). It is true that Adams did not disclose on Schedule I approximately $12,000 he received from his parents that he used to retain a bankruptcy professional and meet basic living expenses in the six months leading up to the bankruptcy filing. The record is unclear regarding specific amounts of the loans or gifts Adams received from family and friends in the two years leading up to his bankruptcy filing; the record only reflects that Adams received approximately $130,000 in gifts or loans from friends and family since 2016 and that he did not disclose any of those amounts on the SOFA. But Adams' explanation that he viewed amounts received from family and friends prior to his bankruptcy filing as loans and not regularly received, taxable income, is plausible. *See, e.g.*, *Hunt v. O'Neal (In re O'Neal)*, 436 B.R. 545, 562 (Bankr. N.D. Ill. 2010). Nothing in the record shows Adams' intent to defraud or that he acted recklessly indifferent in omitting those payments.

Because Adams lacked the requisite scienter for purposes of § 727(a)(4)(A), this Court cannot find that he made a false oath or account on his bankruptcy schedules that would preclude him from receiving a discharge in his chapter 7 bankruptcy case.

## CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the relief sought in the Complaint is **DENIED**.

The Court will contemporaneously enter a separate judgment in favor of Adams in accordance with the findings of fact and conclusions of law contained herein.

New Orleans, Louisiana, March 26, 2025.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE